1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KENNETH GODOY,                          No. 2:22-cv-01673-EFB (PC)

12              Plaintiff,

13         v.                                  ORDER

14    A. FAVELA, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  In addition to filing a complaint and an amended complaint, he has filed an

19   application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a request for

20   the appointment of counsel.

21                      Application to Proceed In Forma Pauperis

22         Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

23   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

24   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25   § 1915(b)(1) and (2).

26                      Request for Appointment of Counsel

27         District courts lack authority to require counsel to represent indigent prisoners in section

28   1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional

                                         1

1    circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See*

2    28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v.*

3    *Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

4    circumstances" exist, the court must consider the likelihood of success on the merits as well as the

5    ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues

6    involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors,

7    the court finds there are no exceptional circumstances in this case.

8                                      Screening Standards

9            Federal courts must engage in a preliminary screening of cases in which prisoners seek

10   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

11   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

12   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

13   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

14   relief."  *Id.* § 1915A(b).

15           A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

16   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

17   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

18   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

19   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

20   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

21   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

22   U.S. 662, 679 (2009).

23           To avoid dismissal for failure to state a claim a complaint must contain more than "naked

24   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

25   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

26   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

27   678.

28   /////

                                          2

1    Furthermore, a claim upon which the court can grant relief must have facial plausibility.

2    *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

3    content that allows the court to draw the reasonable inference that the defendant is liable for the

4    misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

5    claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

6    *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

7    plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

8                                            Screening Order

9    Liberally construed, plaintiff's amended complaint (ECF No. 5) states a potentially

10   cognizable claim of Eighth Amendment excessive force against defendant Favela, and against

11   defendant Weatherwax for his failure to intervene.  *See* ECF No. 5 at 6, 8-11, 16, 18-22 (alleging

12   that on February 4, 2020, Favela took out his anger and frustration on plaintiff, who has a severe

13   mobility disability, by slamming plaintiff, half-naked, into a shower door, throwing plaintiff to

14   the ground, and digging his knee into plaintiff's back, while Weatherwax "stood by" and

15   "refus[ed] to intervene").

16   The allegations against the other named defendants – Fleshman, Appleberry, and Lozano

17   – cannot survive screening.  None of these defendants is alleged to have participated in the

18   alleged use of excessive force.  Appleberry and Lozano had no involvement in the alleged use of

19   excessive force and Fleshman's alleged involvement is limited to restraining plaintiff in waist

20   chains and leg irons after the alleged use of excessive force.  *Id.* at 10-12.  As for Appleberry and

21   Lozano, plaintiff alleges that they mishandled plaintiff's administrative appeal.  *Id.* at 13-16.  Any

22   failure to properly process or respond to an administrative appeal, however, is not actionable, as

23   there are no constitutional requirements regarding how a grievance system is operated.  *See*

24   *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th

25   Cir. 1993).  Plaintiff also seems to have named Warden Lozano as a defendant simply because of

26   his role as a supervisor, which is also not a proper basis for liability.  *See Taylor v. List*, 880 F.2d

27   1040, 1045 (9th Cir. 1989).

28   /////

1    Plaintiff also alleges that his Fourteenth Amendment equal protection rights were violated.

2    ECF No. 5 at 23-24.  There is no basis for an equal protection claim because plaintiff does not

3    allege that any defendant acted with an intent or purpose to discriminate against him because of

4    his membership in any protected class.  *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-

5    67 (9th Cir. 2005).  To the extent plaintiff also intends to allege a Fourteenth Amendment due

6    process claim, the court notes that there is also no basis for such a claim because plaintiff has not

7    alleged he was deprived of a property or liberty interest that is protected by the Due Process

8    Clause.  *See Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004); *Vignolo v. Miller*, 120 F.3d

9    1075, 1077 (9th Cir. 1997).

10    Plaintiff may either proceed with the Eighth Amendment excessive force claim against

11    defendants Favela and Weatherwax only or he may amend his complaint to attempt to assert

12    additional claims against the other named defendants.  He may not, however, change the nature of

13    this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

14    Plaintiff is not obligated to amend his complaint.

### Leave to Amend

16    Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above.

17    Any amended complaint must identify as a defendant only persons who personally participated in

18    a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d

19    740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if

20    he does an act, participates in another's act or omits to perform an act he is legally required to do

21    that causes the alleged deprivation).

22    Any amended complaint must be written or typed so that it so that it is complete in itself

23    without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

24    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

25    earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

26    F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

27    being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

28    1967)).

1    The court cautions plaintiff that failure to comply with the Federal Rules of Civil

2  Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

3  *See* Local Rule 110.

4                                    Conclusion

5    Accordingly, it is ORDERED that:

6        1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

7        2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected

8           in accordance with the notice to the California Department of Corrections and

9           Rehabilitation filed concurrently herewith.

10       3. Plaintiff's request for the appointment of counsel (ECF No. 3) is DENIED without

11          prejudice.

12       4. Plaintiff's amended complaint (ECF No. 5) alleges, for screening purposes, a

13          potentially cognizable Eighth Amendment excessive force claim against

14          defendants Favela and Weatherwax.

15       5. All other claims (including those against defendants Fleshman, Appleberry, and

16          Lozano) are dismissed with leave to amend within 30 days of service of this order.

17          Plaintiff is not obligated to amend his complaint.

18       6. Within thirty days plaintiff shall return the notice below advising the court whether

19          he elects to proceed with the cognizable claims or file an amended complaint.  If

20          the former option is selected and returned, the court will enter an order directing

21          service at that time.

22       7. Failure to comply with any part of this this order may result in dismissal of this

23          action.

24

25  Dated:  November 29, 2022.

                                    EDMUND F. BRENNAN
26                                  UNITED STATES MAGISTRATE JUDGE

27

28

1

2

3

4

5

6

7                               UNITED STATES DISTRICT COURT

8                          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10     KENNETH GODOY,                              No.  2:22-cv-01673-EFB (PC)

11                    Plaintiff,

12           v.                                    NOTICE

13     A. FAVELA, et al.,

14                    Defendants.

15

16           In accordance with the court's Screening Order, plaintiff hereby elects to:

17

18           (1)  _____   proceed only with the Eighth Amendment excessive force claim against

19     defendants Favela and Weatherwax;

20

21           OR

22

23           (2)  _____   delay serving any defendant and file an amended complaint.

24

25                                               _____

26                                                              Plaintiff

27     Dated:

28
                                               6