UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH GODOY,

Plaintiff,

v.

A. FAVELA, et al.,

Defendants.

No.  2:22-cv-01673-EFB (PC)

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Currently pending before the court are: (1) defendant Weatherwax's motion to compel, ECF No. 25; (2) defendants' motion to strike unauthorized sur-reply to the motion to compel, ECF No. 32; and (3) plaintiff's motion to compel, ECF No. 29.

I.      Background

This case proceeds on plaintiff's original complaint alleging that defendant Favela used excessive force against him and defendant Weatherwax failed to intervene.  *See* ECF No. 6 (screening order); ECF No. 9 (notice of plaintiff's election to proceed with claims stated in the screening order).  On April 10, 2023, the Court entered a discovery and scheduling order providing that: (1) requests for discovery should be served by June 9, 2023; and (2) discovery would close, and motions to compel should be filed, as of August 11, 2023.  ECF No. 19.

////

II.     Weatherwax's Motion to Compel

A.      Procedural Considerations

1

Defendants took plaintiff's deposition on May 31, 2023, and defendant Weatherwax served plaintiff with written discovery requests on June 6, 2023.  ECF No. 25 at 25 ¶¶ 3, 4. Plaintiff's responses to Weatherwax's written discovery requests were due by July 10, 2023.  *Id*. at ¶ 4.  The parties do not dispute that plaintiff timely served his responses on July 9, 2023.[1]  *See id*. at 26 ¶ 7.

On August 4, 3023, defendants requested a 60-day extension of the discovery cut-off date, until October 10, 2023, citing a need to meet and confer with plaintiff to address deficiencies in plaintiff's responses.  ECF No. 23 at 4 ¶¶ 8, 9; *see also* ECF No. 25 at 26 ¶ 9.  The Court granted defendants' motion on August 8, 2023, extending the "discovery cutoff and motion to compel deadline" until October 10, 2023.[2]  ECF No. 24 at 1 [hereinafter "August 8 Extension Order"].

On September 14, 2023, Weatherwax filed a timely motion to compel, and both defendants filed a motion to vacate the deadline for dispositive motions.  ECF Nos. 25, 26.  The Court granted the latter motion and has vacated the deadline for dispositive motions.  ECF No. 28.

According to Weatherwax's motion to compel, the parties had the following communications about plaintiff's discovery responses: (1) counsel sent plaintiff a letter on August 8, 2023, asking plaintiff to supplement his discovery responses, ECF No. 25 at 7; *id*. at 26-27 (Glantz declaration); *id*. at 110-123 (letter); (2) plaintiff sent a letter to counsel dated August 14, 2023, in which plaintiff did not supplement his discovery responses, but instead stated an intent to respond to the "most recent letter," and stated that plaintiff's delay in responding was because he had not been able to access the law library, *id*. at 125; *see also* ECF No. 29-2 at 21 (same letter). Defendants' counsel made an independent inquiry to the prison law librarian, and based on the

---

[1]  Defendants did not receive plaintiff's responses until July 25, 2023.  ECF No. 25 at 26 ¶ 7.  While plaintiff's responses were in transit, defendants' counsel sent a letter to plaintiff requesting that plaintiff serve his responses no later than July 31, 2023.  *Id*. at ¶ 6 (letter sent July 21); ECF No. 23 at 3-4 (letter sent July 20).  Defendants acknowledge that the parties' correspondence crossed in the mail, and therefore the timeliness of plaintiff's responses is not in dispute.  ECF No. 25 at 26 ¶ 8.

[2]  Defendants maintain that the discovery cutoff date was the "only" deadline extended by the Court's Order.  ECF No. 25 at 26 ¶ 9.

1   librarian's information Weatherwax disputes the extent to which plaintiff was unable to access the

2   law library and/or copy documents.  ECF No. 25 at 28-29.  According to defendants' counsel, the

3   librarian acknowledged that library access had been limited over the past few months because of

4   staff shortages and prison lockdowns, but plaintiff: (1) did not avail himself of opportunities to

5   have and/or request library access between May 17 and August 3; and (2) did not use window

6   copy service available in June and July, nor request copies through institutional mail.  ECF No.

7   25 at 28-29; *see also id*. at 122 (counsel's August 8, 2023, letter to plaintiff describing

8   information provided by staff at plaintiff's prison facility).

9          On November 15, 2023, plaintiff filed a pleading captioned "Response to Judge's

10   Order/Discovery and Plaintiff's Motion to Compel Responses to Written Discovery Requests."[3]

11   ECF No. 29.  The Clerk's Office docketed this pleading as a response to defendants' motion to

12   compel.  However, plaintiff apparently intended the pleading to serve as both a response to

13   defendants' motion and also as plaintiff's own motion to compel.  For purposes of untangling and

14   resolving the parties' discovery disputes, the Court accepts plaintiff's characterization of his

15   pleading as both: (1) a response to Weatherwax's motion to compel; and (2) plaintiff's own

16   separate motion to compel.[4]

17          Insofar as plaintiff's pleading, ECF No. 29, is construed as response to Weatherwax's

18   motion to compel, plaintiff states he was unable to provide timely answers to Weatherwax's

19   discovery because he was unable to access the law library, and also that he has impaired mobility

20   within the prison because he is in a wheelchair and requires "an ADA inmate to push me"

21   although apparently the ADA inmate was not or could not be available, perhaps due to prison

22   lockdowns.[5]  *Id*. at 2, 21.  Plaintiff states that his access to the library continues to be limited.  *Id*.

---

23
24      [3]  The pleading was mailed on November 9, 2023.  ECF No. 29-2 at 29 (proof of service
     by mail).

25
26      [4]  The Court has instructed the Clerk to revise the docket entry to ECF No. 29 to state that
     that pleading is both: (1) plaintiff's response to defendants' motion to compel, ECF No. 25; and
     (2) plaintiff's own motion to compel.  Plaintiff's motion to compel is addressed *infra*.

27
28      [5]  Plaintiff appends documentation relating to the prison's "Daily Program Status Reports"
     between April and August 2023.  ECF No. 29-2 at 23-28.  Plaintiff does not explain the

at 3.  He describes obstacles to making copies and states that he sent defendants' counsel "all my only original copies of discovery/request of documents interrogatories."[6]  *Id*.  Nevertheless, plaintiff appended supplemental interrogatory responses to defendants' interrogatories.  *Id*. at 5-14.

On November 30, 2023, Weatherwax replied in support of his motion to compel.  ECF No. 30.  Weatherwax has partially withdrawn his motion to compel based on plaintiff's supplemental responses to Interrogatory Nos. 3, 4, 12, 13 and 15.  *Id*. at 6 n. 4.  In light of Weatherwax's reply, plaintiff's effort to provide supplemental responses, the obstacles plaintiff appears to have faced in accessing the library and making copies,[7] and in the interests of moving this case forward, the untimely filing of plaintiff's response, ECF No. 29, is excused.

The parties agree that they have communicated about the progress of discovery, including telephone calls and the correspondence described above, both before and after Weatherwax filed his motion to compel.  *See* ECF No. 25 at 27-28 ¶ 13 (counsel's declaration that between June and September the parties exchanged several letters, and spoke on the telephone on August 16 "although discovery issues were not the primary purpose of that call and were only mentioned in passing"); ECF No. 29-2 at 21 (plaintiff's August 14, 2023 letter to defendants' counsel); *see also* ECF No. 31 at 1 (plaintiff states that the parties had a conference call on October 25, 2023 "regarding discovery and complications").  The Court finds that the meet and confer requirement of Local Rule 251(b) has been satisfied and proceeds to analyze the substantive merits of Weatherwax's motion to compel.

B.    Substantive Analysis

---

significance of these documents, and it is unclear whether or to what extent the documents support plaintiff's claims regarding his ability to access the law library and/or to make copies.

[6]  It is unclear whether plaintiff is referring to his responses to defendants' discovery requests, or whether this is a reference to plaintiff's attempt to obtain discovery from defendants, described *infra*.

[7]  Although defendants dispute the extent to which plaintiff encountered obstacles in accessing the library and making copies, defendants do acknowledge that plaintiff's access was at least somewhat limited during the time in question.  ECF No. 25 at 28-29.

1          1. Interrogatory Responses

2          Weatherwax maintains that: (1) plaintiff's supplemental responses to Interrogatories 1, 5,

3    6, 7, 11 and 16 remain deficient; (2) plaintiff failed to attest to his supplemental interrogatory

4    responses under oath, and (3) plaintiff has failed to respond to four requests for production.  ECF

5    No. 30.

6          As to Interrogatory No.1, Weatherwax's motion will be granted.  The request and

7    plaintiff's response were as follows:

8          INTERROGATORY NO. 1:
           State all facts that support YOUR contention that YOU are entitled to punitive
9          damages as alleged in YOUR First Amended Complaint.

10         RESPONSE TO INTERROGATORY NO. 1:
           Plaintiff objects to this interrogatory that it is incomplete, ambiguous, vague,
11         compound and not reasonably calculated to lead to the discovery of admissible
           evidence.  Plaintiff also objects to this Interrogatory for its ambiguous nater seeks
12         to imply a admition to or reproduction to information already presented in Plaintiff
           claim.  Without waiving this objection Plaintiff request Defendant see initial
13         complaint of officials actions for Defendant should & is not responsiseable for
           compiling Defendants defense in this matter.  Without waiving this objection
14         Defendant failed to intervene while a fellow official assaulted Plaintiff using
           sadistic & excessive force on a "DPP" inmate.
15
           SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:
16         This is my supplemental response.  Defendant Weatherwax actions on date of
           incident failed to intervene, fail to act.  When Plaintiff Godoy was viciously and
17         malisholy [sic] sadistically assaulted by Defendant Favela.  Knowing Plaintiff was
           disabled …
18         Prison official officers are liable for failure to act or intervene if it results in a
           constitutional violation on the inmate (Alexander v. Ferrar, 916 F.3d 1392, 1395
19         (9th Cir. 1990) prison officials cant sit and do nothing.
           51020.18. reporting all[e]gation.  Any employee who observes a use of force that
20         is unnecessary or excessive shall attempt to stop the violation.
           Defendant failed to intervene while Defendant Favela assaulted misconduct of
21         Weatherwax should be punished for his nonactions resulting in excessive force and
           damages …
22

23    ECF No. 25 at 10 [sic all]; ECF No. 30 at 6 [sic all].

24         Deficiencies According to Weatherwax:  Weatherwax argues that plaintiff's response is

25    deficient because it refers only to Weatherwax, and Weatherwax is entitled to pursue discovery

26    regarding any nonprivileged matter relevant to any party's claim.  ECF No. 25 at 11 (citing Fed.

27    R. Civ. P. 26(b)(1)).  Weatherwax contends that plaintiff must describe his basis for seeking

28    punitive damages against Favela or state if he does not seek punitive damages against Favela.  Id.

5

at 11.  According to Weatherwax plaintiff fails to state "all facts," *id.*, his supplemental response is deficient because of apparent incomplete sentences and legal conclusions that do not respond to the interrogatory.  ECF No. 30 at 6 (citing *Solomon v. Sheldon*, No. 2:18-cv-3012-JAM-DMC P, 2021 WL 826053, at *11 (E.D. Cal. Mar. 4, 2021)).

　　　　　Ruling:  Weatherwax's motion to compel shall be granted as to Interrogatory No. 1.  Plaintiff's supplemental response is only partially responsive.  Plaintiff will be directed to provide a further supplemental response to Interrogatory No. 1 to state whether he is seeking punitive damages against Favela, and if so the factual basis for his punitive damages claim.  Plaintiff must state clearly in his supplemental response all facts which support any punitive damages claim against each of the defendants, and state which facts support a punitive damages claim against which defendant.

　　　　　As to Interrogatory No.5, Weatherwax's motion will be granted in part.  The request and plaintiff's response were as follows:

> INTERROGATORY NO. 5:
> State all facts concerning any efforts that YOU made to obtain any medical assessment, evaluation, treatment, therapy, or care for any injury or condition, whether physical, emotional, or psychological, that YOU attribute to DEFENDANTS' conduct as alleged in YOUR First Amended Complaint.
>
> RESPONSE TO INTERROGATORY NO. 5:
> Plaintiff objects that this Interrogatory that it is compound, incomplete, compound, ambiguous & vague and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections Plaintiff replys that he suffers from extream axial back pain.  Forgoing the insudent Plaintiff has difficulty with mobility more than several feet.  Secondary Plaintiff is subject to severe pain with his legs loosing mobility use (disallowing function).
> In verification of this Plaintiff ask's you refer to Exhibit (D) San Joaquin General Hospital – Discharge Documentation // History and Physical – Admit:  8/17/2020 of which descusses a upfrain from "8 week of empiric IU vancomycin treatment," to:  Assessment/Plan of: L5-S1 posterior spinal fusion on:  8/17/2020.
>
> SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:
> The injuries were clear on the medical report by the nurse that responded to the alarm she reported in ex[h]ibit (B) that I/p had multiple abrasions and redness on right side lower back where Defendant drove his knee into Plaintiff's lower back.  Without waiving objection Plaintiff replys that he suffers from extreme axial back pain, Plaintiff has difficulty with mobility more Plaintiff ask you to look at Ex[h]ibit D San Joaquin General Hospital history and physical att 8/17/20.

ECF No. 25 at 13 [*sic* all]; ECF No. 30 at 6-7 [*sic* all].

6

Deficiencies According to Weatherwax:  Plaintiff's response merely lists alleged injuries without describing any attempts plaintiff made to obtain medical attention for the injuries.  ECF No. 25 at 13.  Plaintiff's supplemental response merely lists his alleged injuries rather than describing the treatments plaintiff received.  ECF No. 30 at 7.

Ruling:  Weatherwax's motion to compel shall be granted in part with respect to Interrogatory No. 5.  Again, plaintiff's response and supplemental response are only partially responsive.  Plaintiff will be directed to provide a further supplemental response to Interrogatory No. 5 to describe the efforts plaintiff made to obtain medical assessment, evaluation, treatment, therapy, or care for his injury or condition that he attributes to defendants' conduct, including physical, emotional, or psychological.  Weatherwax's motion to compel is denied to the extent he asks the Court to order plaintiff to describe the treatments plaintiff received, because Interrogatory No. 5 does not request this information.

As to Interrogatory No. 6, Weatherwax's motion will be granted.  The request and plaintiff's response were as follows:

INTERROGATORY NO. 6:
Describe with particularity any injuries or effects from the February 4, 2020 use-of-force incident alleged in YOUR First Amended Complaint that YOU contend continue to impact YOU.

RESPONSE TO INTERROGATORY NO. 6:
Plaintiff objects to this interrogatory that it is ambiguous, vage, and repeditive. Without waiving these objections Plaintiff respectfully requests that for Plaintiffs responds see Interrogatory No.(s) 2, 4 & 5.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:
Plaintiff shows injurys in exhibit C. – 1081 abrasions and redness on right side of back.
Without waiving these objections, Plaintiff respectfully request that for Plaintiff respond see interrogatory 2, 4 & 5 Plaintiff back was collapsed Plaintiff is permanently confined to a chair see exibits attached.

SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:
See Exhibit C from FAC Full Diagram of Human Body Medical Reports of All Physical Injuries the Nurse Say and noted "RN M. Ravi exibit D CMF, T.T.A. Progress Notes by Vennessa RN Exhibit A Dr. T. San Joaquin General Hospital 8.17.20.

ECF No. 25 at 14 [*sic* all]; ECF No. 30 at 7 [*sic* all]; ECF No. 30 at 7 n.6 (referencing ECF No. 29-2 at 14).

1    Deficiencies According to Weatherwax:  Plaintiff's response is deficient because his

2    attempt to incorporate other responses by reference is improper and because this interrogatory

3    asks about different matters from the other interrogatories.  ECF No. 25 at 14.  Plaintiff's

4    supplemental response remains deficient because plaintiff fails to describe the injuries that

5    *continue* to impact him as a result of the February 4, 4020 use-of-force incident.  ECF No. 30 at 7.

6    Plaintiff should not cross-reference other interrogatory responses.  *Id.*  Plaintiff's intent in

7    providing a second supplemental response is unclear, and plaintiff should be made to provide a

8    single supplemental response.  *Id.* at 7 n.6.

9    Ruling:  Weatherwax's motion to compel shall be granted with respect to Interrogatory

10   No. 6.  Plaintiff will be directed to provide a further supplemental response to Interrogatory No. 6

11   to describe the injuries, if any, that continue to impact him as a result of the February 4, 2020 use-

12   of-force incident.  Plaintiff must do so without cross-referencing his responses to other

13   interrogatories, and must provide a single comprehensive supplemental response to Interrogatory

14   No. 6.  Plaintiff may incorporate references to documents he has produced that may be responsive

15   to multiple interrogatories.

16   As to Interrogatory No.7, Weatherwax's motion will be granted .  The request and

17   plaintiff's response were as follows:

18   INTERROGATORY NO. 7:
     State all facts concerning any future treatment that YOU contend YOU will
19   require for any injury, condition, and/or medical need as a result of
     DEFENDANTS' conduct as alleged in YOUR First Amended Complaint.
20

21   RESPONSE TO INTERROGATORY NO. 7:
     Plaintiff objects to this interrogatory that it is incomplete, compound, ambiguous
22   that seeks to gather information already provided and available to Defendants.
     Plaintiff objects on the grounds that it is not plaintiffs responsibility to conduct
23   research nor construct defense for defendants in opposition to medical records at
     there disposal.
24   Without waiving this objection, Plaintiff replys that he is now permanently
     confined to a w chair.  Plaintiff is now scheduled to be subjected to a
25   assessment/plan and treatment of surgery.  A treatment plan which was upgraided
     from physical therapy diagnosed with 8 weeks of empiric IV vancomyin treatment.
26   Forgoing incident exam with Dr. Thaiyananthan, Gowriharan MD (8/17/2020
     10:26 PDT) depicting Assessment Plan:  L5-S1 posterior spinal fusion now the
27   assessment plan [see Exhibit "D" "San Joaquin General Hospital" – "Discharge
     Documentation" // and "History and Physical" – Admit: 8/17/2020]

28   SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:

Du to Mr. Weatherwax Violation Plaintiff suffered months of pain in his back legs arms from the gashes – Defendant anxiety to be around a lot of officers.
SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:
[W]ithout objections Plaintiff is in a wheelchair permenantlhy contained in a chair. Plaintiff is now scheduled to be subjected to constint pain plan and Treatment of Surgery do to Severe Nerve Damage! Collapsed Back See Dr. Thi Document (8-17-2020) depicting assissmant!"

ECF No. 25 at 14-15 [*sic* all]; ECF No. 30 at 7 [*sic* all]; *id*. at 7-8 n.7.

Deficiencies According to Weatherwax:  Plaintiff's response is deficient because he merely asserts that information is available to defendants and fails to state what future treatments he will require based on his own current knowledge, or state that he is not aware of such future treatments. ECF No. 25 at 15.  Plaintiff fails to state all facts, and merely states he is scheduled for some surgery. *Id*.  Plaintiff refers to a three-year-old document without explaining its relevance to anticipated future treatment. *Id*.  Plaintiff's supplemental response is deficient because it references past injuries rather than future treatment. ECF No. 30 at 8.  Plaintiff's intent in providing a second supplemental response is unclear, and plaintiff should be made to provide a single supplemental response. *Id*. at 7-8 n.7.

Ruling:  Weatherwax's motion to compel shall be granted with respect to Interrogatory No. 7.  Plaintiff will be directed to provide a further supplemental response to Interrogatory No. 7 to describe any future treatment he contends he will need as a result of the February 4, 2020 use-of-force incident, to the extent plaintiff has knowledge or is aware of future treatment needs. Plaintiff must do so without cross-referencing his responses to other interrogatories and must provide a single comprehensive response to Interrogatory No. 7.  Plaintiff may incorporate references to documents he has produced that may be responsive to multiple interrogatories.

As to Interrogatory No.11, Weatherwax's motion will be granted in part.  The request and plaintiff's response were as follows:

INTERROGATORY NO. 11:
For each rule, regulation, law, procedure, policy, and protocol that YOU identify in response to Interrogatory No. 10, state each and every fact in support of YOUR contention that DEFENDANT Favela violated that rule, regulation, law procedure, policy, or protocol.

RESPONSE TO INTERROGATORY NO. 11:
Plaintiff objects to this interrogatory that it is incomplete compound, ambiguous,

vage, and not reasonably calculated to lead to the discovery of admissible evidence purtaining to Defendant Weatherwax's actions/part in this matter.  Plaintiff further objects to this interrogatory that it is repedative to interrogatories already addressed and information readily available to Defendants.  Without waiving this objection Plaintiff respectfully requests Defendant refer to Interrogatory 2, 4, 8 & 9.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:
See interrogatory No. #11, No. 9, 10.

ECF No. 25 at 16 [*sic* all]; ECF No. 30 at 8 [*sic* all].

Deficiencies According to Weatherwax:  Plaintiff's response is deficient because he fails to provide information regarding defendant Favela's alleged conduct and because plaintiff cannot merely reference responses to other interrogatories.  ECF No. 25 at 16.  Plaintiff's supplemental response is similarly deficient because it does not articulate any facts, improperly cross-references his responses to other interrogatories, and also the other interrogatory responses are non-responsive to this interrogatory.  ECF No. 30 at 8.

Ruling:  Weatherwax's motion to compel shall be granted with respect to Interrogatory No. 11.  Plaintiff will be directed to provide a further supplemental response to Interrogatory No. 11 to describe the rules, regulations, law, procedures, policies, and protocols, and facts that support plaintiff's contention that defendant Favela violated those rules, regulations, laws, procedures, policies, and protocols.  Plaintiff must do so without cross-referencing his responses to other interrogatories, and must provide a single comprehensive response to Interrogatory No. 11.

As to Interrogatory No.11, Weatherwax's motion will be granted.  The request and plaintiff's response were as follows:

INTERROGATORY NO. 16:
For each step or other action that YOU identified in response to Interrogatory No. 15, describe with particularity the reasons why YOU took that step or other action.

RESPONSE TO INTERROGATORY NO. 16:
Plaintiff objects to this interrogatory that it is incomplete, compound, ambiguous, vage, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Interrogatory that it is repetitive in natcher and construct to prier Interrogatories & information readily available to Defendants.  Without waiving these objections Plaintiff respectfully requests that defendant refere to response provided in interrogatory No. 12 & 13; 14 & 15.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:

10

Information is readily available to Defendants without waving these objections
Plaintiff respectfully requests that Defendants refer to FAC and information
response to interrogatorys 12, 13, 14, 15.

ECF No. 25 at 19 [*sic* all]; ECF No. 30 at 8 [*sic* all].

Deficiencies According to Weatherwax: Plaintiff's response is deficient because this interrogatory is not duplicative, and plaintiff must answer each interrogatory separately and fully, and must describe his own personal actions not information "readily available" to defendants. ECF No. 25 at 19-20. Plaintiff's supplemental response is deficient because plaintiff fails to explain why he took actions he has identified in response to Interrogatory No. 15. ECF No. 30 at 8-9.

Ruling: Weatherwax's motion to compel shall be granted with respect to Interrogatory No. 16. Plaintiff will be directed to provide a further supplemental response to Interrogatory No. 16 to state why he took the steps or other actions he identified in response to Interrogatory No. 15. Plaintiff must do so without cross-referencing his responses to other interrogatories and must provide a single comprehensive response to Interrogatory No. 16.

### 2. Supplemental Responses Not Sworn Under Oath

Defendants maintain that plaintiff should be ordered to attest to his supplemental interrogatory responses under oath, as required by Rule 33(b)(3), (5). ECF No. 30 at 5.

Ruling: This portion of defendants' motion to compel will be granted. Plaintiff will be ordered to provide a signed verification that his supplemental responses to Interrogatory Nos. 3, 4, 12, 13 and 15 were made under oath. Plaintiff will also be ordered to provide a signed verification that any supplemental responses he provides to Interrogatory Nos. 1, 5, 6, 7, 11 and 16 are made under oath.

### 3. Weatherwax's Requests for Production

Weatherwax asks the Court to order plaintiff to respond to four requests for production of documents, and to produce responsive documents. ECF No. 25 at 20. Plaintiff's response to each of these four requests for production was that:

Plaintiff doesn't have access to make copies. Due to there isn't no law library nor no librarian. So there isn't no way to make copies of my only set of documents. I don't want to risk losing my only documents in the mail. I will bring them to our meeting.

ECF No. 25 at 20-21.  The meeting referenced by plaintiff apparently did not occur.  *Id*. at 23.

According to Weatherwax, "[w]hile the parties were in communication over other matters during the same time period that Plaintiff was responding to Defendant Weatherwax's written discovery requests, no meeting had yet been scheduled, and regardless the only live discussion being contemplated was to take place *over the telephone*."  *Id*. [italics in original].

The record suggests, but does not clearly establish, whether plaintiff did ultimately send his original copies to defendants.  Plaintiff's response to Weatherwax's motion to compel states that "in good faith to avoid any disputes I sent [defendants' counsel] all my only original copies discovery/request of documents interrogatories."  ECF No. 29 at 3.  Weatherwax, however, contends that plaintiff failed to produce any responsive documents for any of the four requests for production.  ECF No. 25 at 22.  Weatherwax argues that restrictions on library access would not have prevented plaintiff from fulfilling his discovery obligations.  *Id*.  Weatherwax maintains that plaintiff did not contact counsel to request an extension, nor seek relief from the Court.  *Id*.

Weatherwax also argues that plaintiff's responses are deficient because the responses themselves fail to state whether responsive documents exist and fail to provide information about such responsive documents.  *Id*. at 21.  Weatherwax asks that plaintiff be ordered to supplement his responses for the requests for production and to produce responsive documents.  *Id*. at 23.

Ruling: On its face, Weatherwax's motion to compel states grounds for the Court to order plaintiff to provide supplemental responses to defendants' requests for production, and to produce responsive documents.  However, the record also suggests that plaintiff may have already provided his original copies of responsive documents to Weatherwax.  ECF No. 29 at 3.  Because of this ambiguity in the record, the Court can only make a provisional ruling.

Plaintiff will be ordered to provide supplemental responses to Weatherwax's four requests for production of documents that describe all responsive documents.  Plaintiff must produce copies of all responsive documents in his possession.  If plaintiff does not have the responsive documents in his possession, he must state this and state where the documents might be located and describe the responsive documents to the best of his ability.  Further, plaintiff must certify

those assertions in a signed verification.  If plaintiff mailed his original copies of responsive

documents to Weatherwax, Weatherwax must return the originals to plaintiff.  To expedite,

Weatherwax may opt to make copies and treat the copies as plaintiff's response.

#### 4. Waiver of Objections to Requests for Production

Weatherwax also asks that plaintiff be prohibited from raising objections to the requests

for production, and that plaintiff be prohibited from withholding documents due to objections,

because plaintiff did not timely respond to the requests for production.  ECF No. 25 at 23-24;

ECF No. 30 at 9 (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th

Cir. 1992)).  Weatherwax's request for waiver leaves open the question whether plaintiff may

have sent *un*timely responses in the form of plaintiff's "only original copies."  *See* ECF No. 29 at

3.

Courts have frequently applied a good cause standard to determine whether to excuse any

waiver of objections to requests for production under Rule 34.  *Cargill, Inc. v. Ron Burge*

*Trucking, Inc*., 284 F.R.D. 421, 424-426 (D. Minn. 2012) (the court has a wide "breadth of

discretion in determining whether to excuse a party's waiver" under both Rules 33 and 34);

*McKissick v. Three Deer Ass'n Ltd. Partnership*, 265 F.R.D. 55, 57 (D. Conn. 2010) (party that

neither knowingly filed untimely objections nor sought to prejudice or disadvantage the opposing

party by filing untimely objections due to an inadvertent administrative error should not be

punished by a waiver of objections); *Homesite Ins. Co. of the Midwest v. Howell*, 2:21-cv-1389,

2022 WL 17403215, at *2 (W.D. Wash. Dec. 2, 2022) (same good cause exception applies to

both responses to interrogatories under Rule 33 and responses to requests for production under

Rule 34); *Beard v. County of Stanislaus*, No. 1:21-cv-00841-DAD-SAB, 2022 WL 2704856, at

*6 (E.D. Cal. July 12, 2022) ("Rule 34(b) does not impose a per se waiver penalty for untimely

discovery responses" and an inadvertent calendaring error, with prompt action to serve responses

after the error was discovered, was sufficient good cause to excuse untimeliness and deny

waiver).  This is consistent with the Ninth Circuit's rejection of a *per se* waiver rule under Rule

34 where a party has failed to timely produce a privilege log.  *Burlington N. & Santa Fe Ry. Co.*

*v. U.S. Dist. Ct. for Dist. Of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) (rejecting

1    "mechanistic" application of privilege waivers under Rule 34 and holding that the district court is

2    in the best position to determine whether privilege waivers should be imposed on a case-by-case

3    basis).

4         Plaintiff's responses to Weatherwax's requests for production are understood to have been

5    timely served on July 9, 2023 along with plaintiff's responses to Weatherwax's interrogatories,

6    *see* ECF No. 25 at 25-26, ¶¶ 4-8, and indeed the very fact that Weatherwax has asked for

7    supplementation of plaintiff's responses to Weatherwax's requests for production establishes that

8    plaintiff did provide at least written response to Weatherwax's requests for production.[8]  The

9    matter of untimeliness, and the question of waiver, therefore appears to apply only to plaintiff's

10   production of the documents themselves.  Plaintiff appears to have been attempting to negotiate

11   with defendants for more time to produce copies of the documents, and it seems plaintiff may

12   have actually, albeit tardily, sent defendants his original documents.  If this is the case, plaintiff

13   has demonstrated a plausible basis for finding that good cause existed for his tardiness in

14   producing the documents.  On this record, the Court is unable to find that plaintiff has waived

15   objections to the requests for production, or that plaintiff should be prohibited from withholding

16   documents due to objections.  The Court will therefore deny without prejudice this portion of

17   Weatherwax's motion to compel production of documents.

18        III.      Defendants' Motion to Strike Sur-Reply

19        On March 11, 2024, plaintiff filed a pleading captioned "Plaintiff Reply to Defendants

20   Opposition to Motion to Compel Further Responses to Written Discovery Request, Settlement

21   Hearing."  ECF No. 31.  On March 21, 2024, defendants filed a motion to strike this pleading as

22   an unauthorized sur-reply to defendants' motion to compel.  ECF No. 32.  Plaintiff designates the

23   pleading differently, as a reply in support of his motion to compel.  ECF No. 31 at 1.

24   ////

25        The Court accepts plaintiff's own caption characterizing the pleading, ECF No. 32, as

26   plaintiff's reply in support of plaintiff's own motion to compel, addressed below.  The Court will

27

28        [8]  Weatherwax only requests a waiver pursuant to Rule 34, not any waiver of objections
     under Rule 33(b)(4) with respect to plaintiff's responses to interrogatories.

14

1  therefore deny defendants' motion to strike the pleading as an unauthorized sur-reply.

2        IV.    <u>Plaintiff's Motion to Compel</u>

3           A.    <u>Background</u>

4        In June 2023, plaintiff propounded written requests for discovery to defendants. *See* ECF

5  No. 30 at 2 & 11 ¶ 3 [hereinafter plaintiff's "First Discovery Requests"].  Defendants maintain

6  that plaintiff served his First Discovery Requests on June 20, 2023.[9] *Id.*  On June 30, 2023,

7  defendants informed plaintiff that his First Discovery Requests were untimely according to the

8  June 9 discovery cutoff date in the Court's original scheduling order then in effect, and that

9  defendants would not respond to them. *Id.*  According to plaintiff, defendants' counsel "said he

10  would not accept them nor respond."  ECF No. 29 at 3.  According to the record before the Court,

11  defendants have not given any response to plaintiff's First Discovery Requests.  Defendants'

12  position is that the August 8 Extension Order extending the discovery cutoff date to October 10,

13  2023 did not make plaintiff's First Discovery Requests (retroactively) timely. *See* ECF No. 30 at

14  2.

15        In his November 15, 2023 pleading that is both plaintiff's answer to Weatherwax's motion

16  and also plaintiff's own motion to compel, plaintiff asks the Court to order defendants to respond

17  to his First Discovery Requests.  ECF No. 29 at 4-5.  Plaintiff also argues that good cause exists

18  for an extension of the discovery deadline so that he can receive defendants' discovery responses.

19  *Id.* at 5.

20        Plaintiff also appends to his pleading two separate sets of requests for production

21  addressed to defendants, both of which are captioned "Plaintiff Second Request for Production of

22  Documents."  ECF No. 29-1 at 1-3 (10 requests for production, dated November 9, 2023); ECF

23  No. 29-2 at 1-4 (13 requests for production, also dated November 9, 2023).  It is unclear whether,

24  and to what extent, these appended requests for production might be duplicative of any of

25  plaintiff's First Discovery Requests.

26            [9]  The record does not indicate the basis for establishing the date of service as June 20,

27  2023, such as whether this was the date plaintiff signed his requests or whether this was the date
the mailing was postmarked.

28

1    In their reply to plaintiff's motion to compel, defendants argue that plaintiff's motion to

2  compel is improper because:  (1) the motion is untimely; (2) it is also meritless because

3  defendants properly refused to respond to plaintiff's First Discovery Requests because they were

4  served untimely; (3) plaintiff does not clearly identify the discovery requests for which he seeks

5  response from defendants; and (4) plaintiff never served the requests for production, dated

6  November 9, 2023, which he appended to his motion.  ECF No. 30 at 2-4.  Defendants also argue

7  that plaintiff has not shown good cause to extend the discovery deadline, in that plaintiff has not

8  explained how limited library access, inability to make copies, and needing an ADA assistant to

9  move about the facility have impaired his ability to prepare and timely serve discovery requests.

10  *Id*. at 5.

11    On March 11, 2024, plaintiff filed his reply in support of his motion to compel.  ECF No.

12  31.  Plaintiff's reply does not respond to the substance of defendants' November 30, 2023

13  response, but does state that the parties had a conference call on October 25, 2023, during which

14  they discussed plaintiff's difficulties in timely responding to discovery requests.  *Id*. at 1.

15  Plaintiff reiterates his request for an order compelling defendants to respond to his discovery

16  requests.  *Id*. at 2.

17                    B.    Procedural Considerations

18    Plaintiff's November 15, 2023 motion to compel was filed after the October 10, 2023

19  extended discovery cutoff date, and is plainly untimely on its face.  Plaintiff must show good

20  cause to modify the scheduling order to reopen discovery to allow consideration of his motion to

21  compel.  *See* Fed. R. Civ. P. 16(b)(4) ("A [discovery] schedule may be modified only for good

22  cause and with the judge's consent.").  In determining good cause, the Court may consider factors

23  such as:

24       (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the
         non-moving party would be prejudiced, (4) whether the moving party was diligent
25       within the guidelines established by the court, (5) the foreseeability of the need for
         additional discovery in light of the time allowed for discovery by the district court,
26       and (6) the likelihood that the discovery will lead to relevant evidence.

27  *U.S. ex rel. Schumer v. Hughes Aircraft Co*., 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated on*

28  *other grounds*, 520 U.S. 939 (1997).  The primary consideration is whether the party seeking

1    modification could reasonably meet deadlines by diligent effort. *Johnson v. Mammoth*

2    *Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he existence or degree of prejudice to the

3    party opposing the motion" might counter a showing of diligence and provide reasons to deny an

4    extension. *Id*.; *see also Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) (plaintiff who

5    failed to diligently pursue discovery failed to show good cause to reopen discovery); *Thomas v.*

6    *Kuo*, 1:16-cv-00524-DAD-EPG, 2018 WL 1786923, at *3-4 (E.D. Cal. Oct. 3, 2018) (reopening

7    discovery because prisoner's delay in seeking discovery due to factors including multiple

8    transfers to different facilities and lack of access to his legal property stated good cause for his

9    delay in seeking discovery).

10        The court must consider additional factors where, as here, additional discovery is

11    requested by an incarcerated, pro se plaintiff who may in due course face a summary judgment

12    motion. *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004). "Though the conduct of discovery is

13    generally left to a district court's discretion, summary judgment is disfavored where relevant

14    evidence remains to be discovered, particularly in cases involving pro se plaintiffs." *Jones*, 393

15    F.3d at 930 (citing *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988)). "Thus summary

16    judgment in the face of requests for additional discovery is appropriate only where such discovery

17    would be 'fruitless' with respect to the proof of a viable claim." *Id*. (quoting *Klingele*, 849 F.2d

18    412).

19        Plaintiff's good cause argument is that he has been diligent, cooperative, and

20    communicative, but has been hampered by circumstances beyond his control. ECF No. 29 at 2-5.

21    Plaintiff states he had little or no opportunity to access the law library and/or make copies

22    because of some combination of: (1) lockdowns at the prison; (2) plaintiff's impaired mobility

23    rendering him unable to move about the prison; (3) ADA mobility aids were unavailable; and (4)

24    short staffing severely limiting plaintiff's access to the prison library. *Id*. These circumstances

25    apparently apply to both plaintiff's untimely responses to defendants' discovery requests, as well

26    as his tardiness in filing his own motion to compel. *See id*. Defendants have disputed the extent

27    to which limited library access hampered plaintiff, and maintain that plaintiff failed to avail

28    himself of opportunities that were available, albeit defendants have not countered plaintiff's

1   assertions of his impaired mobility.  ECF No. 30 at 5; *see also* ECF No. 25 at 28-29, 122.

2          Plaintiff implies an additional basis for a good cause finding, also evident in the more

3   fully developed record before the Court, which is overarching confusion about the application of

4   the August 8 Extension Order extending the discovery cutoff date to October 10.  Plaintiff

5   appears to have been unsure of how the August 8 Extension Order applied to his own discovery

6   requests, as well as his ability to petition the Court.  Plaintiff may have relied on defendants'

7   interpretation of the August 8 Extension Order – *i.e.*, that the extended discovery cutoff date

8   applied only to defendants' efforts to resolve plaintiff's responses to Weatherwax, because that

9   was the stated basis in defendants' motion requesting the extension.  *See* ECF No. 23 at 2, *id.* at 4

10  ¶ 9 (counsel's declaration in support of defendants' motion for extension that a 60-day extension

11  of the discovery cutoff date "would enable [counsel] to meet and confer with [plaintiff] regarding

12  his discovery responses, allow [plaintiff] time to serve further response, and, if necessary, allow

13  Defendants to file a motion to compel"); ECF No. 25 at 26 ¶ 9 (counsel "filed on Defendants'

14  behalf an administrative motion seeking a 60-day extension of the Discovery and Scheduling

15  Order's August 11 discovery cutoff date, and only that date").  Defendants' motion for extension

16  further stated that the "requested modification would not alter the June 9, 2023 deadline to serve

17  written discovery deadlines, or otherwise enable the parties to now pursue discovery that they did

18  not timely pursue in accordance with the Court's original schedule," and "also would not alter the

19  November 9 dispositive-motions cutoff."[10]  ECF No. 23 at 4 ¶ 10.

20         Defendants argued that their requested extension would not unfairly prejudice plaintiff

21  because "the case has not yet been set for trial and no other deadlines will be affected."  ECF No.

22  23 at 5 ¶ 12.  Defendants did not contact plaintiff about their extension request because he could

23  not be easily contacted on shortened time.  *Id.* at 5 ¶ 13 ("Godoy, who is proceeding *pro se*, is

24  incarcerated and cannot easily be contacted on shortened time regarding this extension request.").

25  Defendants' motion for extension did not inform the Court that they had already notified plaintiff

26  they would not respond to plaintiff's First Discovery Requests, on grounds of untimeliness.  *See*

---

[10]  Defendants subsequently moved to vacate the dispositive motions deadline.  ECF No.
28  26.  The Court granted the motion and has vacated the dispositive motions deadline.  ECF No. 28.

1  *generally id*.  Defendants' motion at least implicitly suggested that the only outstanding dispute

2  between the parties was the sufficiency of plaintiff's responses to defendants' discovery.  *See*

3  *generally id*.

4         Defendants proposed the text of the August 8 Extension Order, granting the 60-day

5  extension, which provides in its entirety:

6                 Pending before the Court is a motion for a 60-day extension of the
          discovery cutoff and motion to compel deadline filed by Defendants Weatherwax
7         and Favela, which would allow Defendants to further pursue responses to their
          timely served discovery requests from Plaintiff Kenneth Godoy and to file any
8         necessary motion to compel.
9                 Good cause shown, IT IS HEREBY ORDERED that Defendants' motion is
          granted.  The discovery cutoff, including any motions to compel, is extended from
10        August 11, 2023 to October 10, 2023.  No other deadlines in the April 10, 2023
          Discovery and Scheduling Order (ECF No. 19) are impacted by this Order.

11  ECF No. 24 at 1.

12         Defendants' counsel informed plaintiff that the extension provided in the August 8

13  Extension Order did not apply to plaintiff's First Discovery Requests.  ECF No. 30 at 2.  Plaintiff

14  seems to have accepted defendants' interpretation, at least initially, yet plaintiff did not entirely

15  abandon his efforts to have defendants respond to his First Discovery Requests.  *See* ECF No. 29

16  at 3 (plaintiff's August 14, 2023 letter to defendants' counsel stating that "I know you stated you

17  don't have to respond to my discovery.  I hope you will take it into consideration.").  On this

18  record, plaintiff cannot be deemed to have acquiesced to an extension that applied only to

19  defendants' efforts to obtain discovery from plaintiff and did not apply to plaintiff's own efforts

20  to obtain discovery from defendants.  *See* ECF No. 25 at 125; ECF No. 29-2 at 21.

21         The text of the August 8 Extension Order is at least ambiguous as to whether the 60-day

22  extension of the discovery cutoff date would apply to plaintiff's efforts to obtain discovery from

23  defendants.  *See* ECF No. 24 at 1.  The August 8 Extension Order plainly states "[t]he discovery

24  cutoff, including any motions to compel, is extended from August 11, 2023 to October 10, 2023."

25  *Id*.  While it is true that the extension "would allow Defendant to further pursue responses to their

26  timely served discovery requests from Plaintiff Kenneth Godoy and to file any necessary motion

27  to compel," *id*., it is not apparent on the face of the order that the extension would not also allow

28  plaintiff to further pursue (at least) a motion to compel.

Even so, the discovery cutoff extension until October 10, 2023 would not render plaintiff's November 15, 2023 motion to compel timely.  The question becomes whether plaintiff has shown good cause for filing a motion to compel some five weeks *after* the extended deadline of October 10, 2023.  The Court finds good cause exists, based on these factors:  (1) plaintiff has been generally responsive to, and cooperative with, defendants' discovery demands; (2) plaintiff has been sufficiently diligent within the constraints imposed by both plaintiff's limited mobility and his access to the prison's facilities for library and copy access; (3) plaintiff attempted to resolve his discovery issues in written and verbal communications, including his August 14, 2023 letter, ECF No. 29-2 at 21, and an October 25, 2023 conference call, ECF No. 31 at 1, thus satisfying meet and confer obligations, *see also* ECF No. 25 at 27 ¶ 13 (counsel's declaration that the parties were in communication about case-related matters between June and September 14, 2023, including a telephone discussion on August 16, 2023); (4) plaintiff appears to have been genuinely confused about his ability to petition the Court for response to his First Discovery Requests, and the confusion may have been at least in part generated by the interpretation defendants gave to plaintiff; (5) defendants are not unduly prejudiced because there are no impending deadlines; and (6) defendants have had opportunity to file, and have in fact filed, substantive response to plaintiff's motion to compel.

C.   Substantive Analysis

The substantive questions raised by plaintiff's motion to compel are: (1) whether the discovery schedule should be modified; (2) whether defendants should be required to respond to plaintiff's First Discovery Requests; and (3) whether defendants should be required to respond to the requests for production appended to plaintiff's motion to compel.

As to the first and second questions, on the more complete record now before the Court, and given the confusion about the scope of the August 8 Extension Order, the Court finds that a further extension of the discovery cutoff date applicable to all parties is warranted to re-set the discovery process and provide equitable opportunity for discovery to all parties.  In addition to plaintiff's level of cooperation and responsiveness, his circumstances at the prison, his degree of diligence, and the confusion over the application of the August 8 Extension Order, the Court has

1    taken into consideration:  (1) that defendants' basis for deeming plaintiff's First Discovery

2    Requests untimely served is unknown;[11] (2) if plaintiff's First Discovery Requests were untimely,

3    the tardiness is measured in mere days; (3) the parties may need time to sort out how to resolve

4    whether plaintiff sent original documents to defendants (possibly, to comply with defendants'

5    demands), as well as the remaining discovery disputes; and (4) any eventual dispositive motions

6    may be futile or at least disfavored unless plaintiff has the opportunity to discover relevant

7    evidence – indeed, relevant evidence that plaintiff may have already sought in his First Discovery

8    Requests – thus further delaying resolution of plaintiff's claims.

9        Regardless of whether the August 8 Extension Order obligated defendants to respond to

10   plaintiff's First Discovery Requests, the Court finds good cause exists to re-open discovery and

11   re-set the discovery schedule to provide all parties the opportunity to get the information they

12   need to move the case forward.  The Court will now provide a further **60-day extension** of the

13   discovery cutoff deadline, applicable to all parties, and specifically encompassing plaintiff's First

14   Discovery Requests.  Plaintiff's First Discovery Requests are deemed timely according to the new

15   discovery cutoff deadline, and defendants must provide response to plaintiff's First Discovery

16   Requests.

17        As to the third question, plaintiff has not properly served his "Second Requests for

18   Production of Documents" by simply attaching them to his motion to compel.  *See* ECF Nos. 29-

19   1, 29-2.  Plaintiff must properly serve any additional discovery requests, including the requests

20   for production he has appended to his motion to compel, within the modified time frame provided

21   by the **60-day extension** of the discovery cutoff deadline.

22        V.     <u>Conclusion and Order</u>

23

24         [11] On at least one occasion, plaintiff's mail was in transit for over two weeks.  ECF No.
25 at 26 ¶ 7 (plaintiff's initial responses to Weatherwax's discovery requests were sent on July 9,

25   2023 but were not received until July 25, 2023).  The Court notes that the original discovery
cutoff date of June 9, 2023 was a Friday, and that the eleven days between June 9 and June 20

26   encompassed two weekends as well as the Juneteenth Federal holiday.  It is not inconceivable that
the prison mailbox rule might have applied to render the First Discovery Requests timely.  *See*

27   *Smith v. Smith*, 441 Fed. App'x 519 (9th Cir. 2011) (prisoner's amended complaint timely
delivered to prison officials for mailing).

28

Based on the foregoing, it is HEREBY ORDERED that:

A.      The deadlines provided in the Discovery and Scheduling Order entered April 10, 2023, ECF No. 19 at 4-5, are amended as follows:

1)      The parties may conduct discovery until December 10, 2024.  Any motions necessary to compel discovery shall be filed by that date.  All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than October 11, 2024.

2)      If plaintiff seeks leave to amend the complaint, he must file any motion to amend no later than December 10, 2024.[12]

3)      Dispositive motions shall be filed on or before February 10, 2025.

4)      Unless otherwise ordered, all motions to dismiss, motions for summary judgment, discovery motions, and motions made under the authority of Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60 and Local Rule ("L.R.") 110 shall be briefed in accordance with L.R. 230(1).  Oppositions to all other motions need to be filed only as directed by the court.

5)      The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed.  Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

6)      The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of Court.

B.      Within **30 days** of entry of this order, the parties must meet and confer as to whether plaintiff mailed original copies of documents responsive to Weatherwax's requests for

---

[12] Any motion to amend must be accompanied by a proposed amended complaint that is rewritten or retyped so that it is complete in itself without reference to any earlier filed complaint. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

production to defendants' counsel.  If so, defendants' counsel must return the original copies to plaintiff within **45 days** of entry of this Order.  Defendants may elect to make copies of the documents and treat the copies as plaintiff's response to Weatherwax's requests for production, to expedite the discovery process.  Defendants shall report the resolution of this matter to the Court within **45 days** of entry of this order.  Plaintiff may respond to defendants' report within **21 days** thereafter, but plaintiff need not respond if plaintiff is satisfied with the substance of defendants' report.

C.       Defendant Weatherwax's motion to compel, ECF No. 25, is GRANTED IN PART AND DENIED IN PART.

1)       Weatherwax's motion to compel, ECF No. 25, is GRANTED in that, within **30 days** from issuance of this order, plaintiff is directed to:

a.       Provide further supplemental responses to defendant Weatherwax's Interrogatory Nos. 1, 5, 6, 7, 11 and 16 as set forth in the above analysis.

b.       Attest to his supplemental responses he has already given to Weatherwax's Interrogatory Nos. 3, 4, 12, 13 and 15, as well as the supplemental responses he will give to Weatherwax's Interrogatory Nos. 1, 5, 6, 7, 11 and 16.

c. Provide supplemental response to Weatherwax's requests for production as set forth in the above analysis.  If defendants are in possession of original documents already produced by plaintiff, the parties shall proceed as directed in Part B above.

2)       Weatherwax's motion to compel, ECF No. 25, is DENIED in that:

a.       Plaintiff need not describe the treatments he received as part of his supplemental response to Weatherwax's Interrogatory No. 5, because the interrogatory does not request this information.

23

                    b.       Weatherwax's request that plaintiff be deemed to have waived objections to Weatherwax's requests for production, and that plaintiff be prohibited from withholding documents due to objections, is DENIED WITHOUT PREJUDICE to raising these issues based on future developments.

D.      The court having found good cause for plaintiff's untimely filing of his motion to compel, ECF No. 29, and defendants having responded to the motion, ECF No. 30, and the court now amending the deadlines set forth in the Discovery and Scheduling Order, plaintiff's motion to compel is GRANTED IN PART AND DENIED IN PART.

          1)      Plaintiff's motion to compel, ECF No. 29, is GRANTED in that:

                    a.       The discovery schedule is amended as provided in Part A above.

                    b.       Defendants are directed to respond to plaintiff's First Discovery Requests within **30 days** of entry of this order.

          2)      Plaintiff's motion to compel, ECF No. 29, is DENIED in that plaintiff must properly serve any additional requests, including the requests for production he has appended to his motion to compel, within the amended discovery schedule provided in Part A above.

E.      The parties are directed to serve any additional discovery requests, including the requests for production plaintiff appended to plaintiff's motion to compel, in accordance with the Rules of Civil Procedure, the Local Rules of the Eastern District of California, and the modified discovery schedule set forth in this order.

F.      The Court having found that plaintiff's pleading docketed at ECF No. 31 is construed as a reply in support of his motion to compel, defendants' motion at ECF No. 32 asking to strike ECF No. 31 as an unauthorized sur-reply in opposition to Weatherwax's motion to compel is DENIED.

Dated: August 12, 2024

_Edmund F. Brennan_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE